UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO. _____

CARMEN HERNANDEZ,

    Plaintiff,

v.

WAL-MART STORES TEXAS, LLC,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, CARMEN HERNANDEZ, by and through his undersigned counsel, and sues the Defendant, WAL-MART STORES TEXAS, LLC, and allege as follows:

## INTRODUCTION

1. This is a proceeding for compensatory damages, punitive damages, and costs and attorneys' fees to remedy age and national origin discrimination based upon statutorily protected activities affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Act") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621-634, et seq. ("ADEA").

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3), and the Act.

3. Venue is proper as all claims asserted herein arose in the Western District of Texas.

4. At all times material hereto, the Plaintiff was/is a citizen of the United States, a resident of Texas, sui juris, and an employee or former employee of the Defendant.

5. The Plaintiff was born on March 17, 1964 and at all times material hereto, was and continues to be a member of the protected age group within the meaning of the ADEA.

6. At all times material hereto, the Plaintiff was an employee within the meaning of the Act and the ADEA.

7. At all times material hereto, the Defendant, upon information and belief, was a Texas corporation doing business in the Western District of Texas, an employer or former employer of the Plaintiff, and was, and is, an employer within the meaning of the Act and ADEA.

8. At all times material hereto, the Defendant was and continues to be engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e-(h).

9. At all times material hereto, the Defendant had and continues to have more than fifteen (15) employees in each of twenty or more calendar weeks in the current or preceding year.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. The Plaintiff has fulfilled all conditions precedent to the institution of this action and received her Right-to-Sue letter from the US EEOC on or about March 4, 2021.

## STATEMENT OF FACTS

11. The Plaintiff, 55 years old at all times material hereto, was an employee of the Defendant at its 9427 Culebra Road, San Antonio location.

12. Plaintiff was initially employed for Defendant in Maryland in October of 2015, but transferred to the Texas location in July of 2017.

13.     At both locations, Plaintiff was an exceptional employee during her 3.5 years.

14.     However, in April of 2018, Defendant hired a new store manager, Claudia Nava, who was significantly younger than Plaintiff and of a different nationality.

15.     As a result, Ms. Nava regularly criticized Plaintiff to co-workers that Plaintiff did not speak good English, which was never an issue during her employment before with other managers.

16.     Ms. Nava made comments about Plaintiff's national origin, being Puerto Rican, stating aloud that they are lazy.

17.     Ms. Nava even directly informed Plaintiff that she needed "someone way more younger than you, direct evidence of age discrimination.

18.     True to her work, on May 23, 2019, Ms. Nava then accused Plaintiff regarding an incident with a watch battery and immediately terminated Plaintiff, replacing her with a significantly younger employee.

## COUNT I

## AGE DISCRIMINATION-ADEA

19.     The Plaintiff incorporates by reference paragraphs 1- 18 herein.

20.     The Defendant discriminated against the Plaintiff in the terms and conditions of her employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of her age.

21.     The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the ADEA.

22. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

23. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, CARMEN HERNANDEZ, requests that judgment be entered against the Defendant, WAL-MART STORES TEXAS, LLC, for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## NATIONAL ORIGIN DISCRIMINATION-ACT

24. The Plaintiff incorporates by reference paragraphs 1- 18 herein.

25. The Defendant discriminated against the Plaintiff in the terms and conditions of her employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of her national origin.

26. The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the Act.

27. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

28. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, CARMEN HERNANDEZ, requests that judgment be entered against the Defendant, WAL-MART STORES TEXAS, LLC, for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: June 1, 2021.

                           Respectfully submitted,

                           Law Offices of Levy & Levy, P.A.
                           325 N. Saint Paul Street
                           Suite 3100
                           Dallas, Texas 75201
                           Telephone: (954) 763-5722
                           Facsimile: (954) 763-5723
                           Email: chad@levylevylaw.com
                           Service Email: assistant@levylevylaw.com
                           *Counsel for Plaintiff*

                           */s/ Chad Levy*
                           CHAD E. LEVY, ESQ.
                           T.B.N.: 24117779